## YOCONA COTTON MILLS *v.* DUKE.

EXEMPTION FROM TAXATION.  *Factories.*  *Constitution* 1890.

> The ordinance of the constitutional convention of 1890, exempting certain factories from taxation for a period of ten years, did not apply to existing factories except those which, having been abandoned for not less than three years, should resume operations within two years after November 1, 1890, the date of the ordinance.

FROM the chancery court of Yalobusha county.

HON. B. T. KIMBROUGH, Chancellor.

Bill by the Yocona Cotton Mills against C. W. Duke, tax-collector, to enjoin the collection of taxes assessed for 1892 on its factory in Water Valley, Mississippi. By agreement of counsel on the hearing, the sole question of determination was whether, under the exemption ordinance of the constitution of 1890, the appellant, which was incorporated in 1881, was exempt from taxation on its factory, which, since its organization in 1881, and up to and at the time the ordinance was adopted, owned and operated its factory in the manufacture of cotton twine, cotton yarn, and cotton batting in a finished state.

The exemption ordinance adopted by the constitutional

convention, and which went into effect November 1, 1890, is as follows: "All permanent factories hereafter established in this state while this section is in force, for working cotton, wool, silk, furs or metals, and all others manufacturing implements or articles of use in a finished state, shall be exempt from taxation for a period of ten years. Any factory which has been abandoned for not less than three years, and commencing operations within two years from the date of the adoption of this constitution, shall be entitled to such exemption. This section may be repealed or amended by the legislature after five years; and, if not so repealed, shall remain in force until January 1, 1900, and no longer." Adopted by the convention November 1, 1890.

The court below held that the factory was not exempt, and dissolved the injunction, and complainant appeals.

*I. T. Blount*, for appellant.

There is nothing retroactive in the ordinance. It simply exempts all factories manufacturing implements and articles of use in a finished state. The object was to encourage all manufactories to engage in the manufacture of articles of use in a finished state. Its language is broad enough to entitle appellant to the exemption.

*George H. Lester*, for appellee.

The ordinance exempted only factories "hereafter established." It did not have a retroactive effect. The purpose was to encourage the establishment of new factories, and not to withdraw from taxation the property of factories theretofore established. See *Railroad Co.* v. *Thomas*, 65 Miss., 553.

CAMPBELL, C. J., delivered the opinion of the court.

If ingenuity could raise a doubt, under the "exemption ordinance" of the constitutional convention, adopted November 1, 1890, as to whether a pre-existing factory then in operation was intended to be exempted from taxation, by look-

ing alone to its first sentence, it must certainly vanish when the next sentence is read, which, by express enumeration, excludes all pre-existing factories, except such as come within the terms of that sentence.

*Affirmed.*